```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT


Mark A. Boivin, Paul A.         :
Boivin, Mark A. Boivin          :
and Paul A. Boivin D/B/A        :
No-Mon-Ne Farm Assoc.,          :
          Plaintiffs,           :
                                :
          v.                    :    File No. 2:08-CV-66
                                :
Town of Addison, Vermont,       :
Richard Pratt, Alyce Lane,      :
William F. Munoff,              :
Elizabeth Pratt, Donald         :
(Tad) Powers, Justus J.         :
DeVries, Michael R.             :
O'Brien, William Johnson,       :
Kermit Blaisdell, Vermont       :
Appraisal Co.,                  :
          Defendants.           :
```

OPINION AND ORDER
(Papers 21, 28, 30, 31 and 32)

*Pro se* plaintiffs Mark A. Boivin and Paul A. Boivin bring this action, for themselves and d/b/a No-Mon-Ne Farm Assoc., challenging tax assessments on their real property in Addison, Vermont. The Boivins allege that the assessments on their property have been arbitrary, and that their efforts to seek redress in state court have led to retaliation in the form of penalties and increased taxes. The defendants are the Town of Addison, Town officials, contract appraisers, and the Town's attorney.

The plaintiffs have presented their case both as a civil rights action and as a removal from state court. Various defendants have moved to dismiss, arguing, *inter alia*, that removal may not be initiated by a plaintiff and that remand to state court is therefore required. The defendants also argue that, to the extent this case includes an action that is distinct from the state court litigation, it is barred by the Tax Injunction Act, 28 U.S.C. § 1341, and principles of comity. For the reasons set forth below, the Court accepts these arguments and finds that this case must be DISMISSED.

## Factual Background

For the limited purpose of ruling on the motions to dismiss, the facts alleged in the complaint will be accepted as true. The Boivins own a dairy farm located in the Town of Addison, Vermont. Their properties consist of three parcels totaling approximately 468 acres. They claim that since 1996, they have been "subjected to arbitrary tax assessments in excess of their fair market value of their farm." (Paper 1 at 13). The assessments, they argue, have resulted in higher property taxes, thus depriving them of property without just compensation.

Problems first arose when, in 1995, the Town hired Vermont Appraisal Company to conduct a complete reappraisal of Town properties.  Defendant Kermit Blaisdell is President and Director of Vermont Appraisal Company.  The plaintiffs allege that the assessments subsequently provided by Blaisdell were not based upon actual real estate sales and were arbitrary.

In support of their claim, the plaintiffs assert that farm properties have been selling for less than their assessed values.  They allege that high assessments on farms are caused, in part, by a practice known as "sales chasing," whereby properties are reassessed shortly after they are sold.  When only recent sales are reassessed, those properties that have not sold recently, such as large farms, are allowed to remain over-valued.  As a result, farm properties allegedly carry a disproportionate share of the tax burden when compared to residences and residential lots.

The plaintiffs also protest the use of a fixed 50% reduction in the appraised value if a farmer sells his development rights, arguing that this reduction bears no relationship to sales figures.  If farmers agree to sell their development rights, a 20% land use change tax is

imposed in the form of a lien that runs with the land in perpetuity.  The complaint charges that "[r]equiring farm owners to choose between a lien on their properties or exorbitant taxes is a prima facie taking of property without compensation."  Id. at 37.

The plaintiffs have been seeking relief in state court since 1996.  Id. at 15-16.  During that time, the Town has hired two appraisers to defend its assessments.  The plaintiffs claim that these appraisers, defendants Justin DeVries and Michael O'Brien, engaged in "careless and negligent appraisal practices."  Id. at 8-9.  They also claim that O'Brien acted in concert with Town officials when he removed pages from his report that were favorable to the plaintiffs.

In November 2003, Mark Boivin met with defendant William Johnson.  Johnson is the Director of the Division of Property Valuation Review for the Vermont Department of Taxes.  During the meeting, Boivin showed Johnson evidence of the Town's arbitrary assessments.  Despite having met with Boivin, Johnson allegedly endorsed the Town's practices by allowing the incorporation of its assessments into the State's annual review of property values.  The purpose of

4

this review is to determine the appropriate education tax rate for properties within each municipality.  The plaintiffs argue that, because of Johnson's actions, their share of the statewide property tax is not equitable.

On December 4, 2003, the Vermont Supreme Court issued a decision in one of the plaintiffs' cases.  As a result of the decision, the Town billed the plaintiffs "for the increase in their tax bills for the sum of $1,066.88."  Id. at 31.  On February 1, 2004, the plaintiffs delivered a check to the Town's attorney, defendant Donald Powers.  The Town then billed the plaintiffs for late fees and collection costs.  The plaintiffs did not pay, and notified the Collector of Delinquent Taxes, defendant Beth Pratt, that the bill was premature as their case was not yet final under Vermont law.

The U.S. Supreme Court denied the plaintiffs' application for a writ of certiorari on May 3, 2004.  In August 2005, the plaintiffs paid the late fees and collections costs.  Nonetheless, Beth Pratt allegedly "moved to sell at tax auction on September 14, 2005 the Plaintiffs['] properties for the delinquency fees claimed by the town."  Id. at 32.  The plaintiffs now claim that Beth

5

Pratt's actions constituted "retribution for petitioning the Courts."  Id. at 39.  The retribution claim also incorporates O'Brien's alleged removal of pages from his report, and Attorney Powers' efforts in state court that resulted in an increase in the plaintiffs' tax bill.  Id. at 39.

The complaint is entitled "Civil Rights Complaint (42 U.S.C. § 1983, § 1985, § 1988)" and "Removal From State Jurisdiction Requested."  Id. at 1 (parenthetical in original).  The legal claims are set forth in five counts, entitled: Retribution for Petitioning the Courts; Arbitrary Assessments; Sales Chasing; Lack of Adequate Remedy; and Variable Standard of Review.  The plaintiffs are seeking injunctive relief, declaratory relief and damages.

The state court action being removed is a consolidated case before the Vermont Supreme Court in which the plaintiffs are the appellants.  Oral argument in the case was reportedly scheduled for March 25, 2008.  The plaintiffs filed the instant complaint in this Court on March 21, 2008.  As a result, the Vermont Supreme Court continued oral argument on the plaintiffs' appeal "pending the outcome of appellant's [sic] removal action."  (Paper 21-3).

Discussion

I.  Removal

Various defendants have moved to remand the case to state court, arguing that removal can only be initiated by a defendant, not a plaintiff.  The Boivins do not dispute that they were the plaintiffs in their 2003 property tax appeal.  After the Superior Court ruled in favor of the Town, the plaintiffs appealed to the Vermont Supreme Court.  As discussed above, they subsequently filed a notice of removal, and the Vermont Supreme Court has continued their appeal pending the outcome of this case.

Under the federal removal statute, 28 U.S.C. § 1441(a), only a defendant is authorized to remove an action to federal court.  28 U.S.C. § 1441(a) (authorizing removal "by the defendant or the defendants"); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 105 (1941) (holding that the removal privilege is limited to defendants only); Gem v. New York Life Ins. Co., 992 F. Supp. 209, 210 (E.D.N.Y. 1998); 14C Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3731 at 253 & n. 3 (1998) (noting that "plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim

asserted against them") (collecting cases).  Because the plaintiffs in this case were also the plaintiffs at the state court level, their removal of the state court action was improper.  Therefore, to the extent that this case is a removal action, the case is summarily REMANDED to the Vermont Supreme Court.

## II. Tax Injunction Act

The plaintiffs have also filed their complaint as a civil rights action under federal law.  Accordingly, a group of defendants have argued for dismissal on grounds other than improper removal.  Those defendants first argue the plaintiffs' claims for injunctive and declaratory relief are barred by the Tax Injunction Act, 28 U.S.C. § 1341.

> The Tax Injunction Act provides:
>
> The district courts shall not enjoin, suspend or retrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341.  In order for state procedures to be adequate, they must allow a plaintiff to assert his federal rights in state court, with the possibility of ultimate review by the U.S. Supreme Court.  Great Lake Dredge & Docks v. Juffman, 319 U.S. 293, 300-01 (1943).  The Supreme Court

8

has also required that states provide "a full hearing and judicial determination." California v. Grace Brethren Church, 457 U.S. 393, 411 (1982).

The principal rationale for the Tax Injunction Act was "to limit drastically federal court jurisdiction to interfere with so important a local concern as the collection of taxes." Rosewell v. Lasalle Nat'l Bank, 450 U.S. 503, 522 (1981). Instead of filing a § 1983 claim in federal court, as the plaintiffs have done here, taxpayers are required to "seek protection of their federal rights by state remedies, provided of course those remedies are fair, adequate and complete." Fair Assessment of Real Estate Assoc. Inc. v. McNary, 454 U.S. 100, 116 (1981). In addition to barring injunctive relief, the Supreme Court has held that "declaratory relief is as violative of the Tax Injunction Act as an injunction itself." Arkansas v. Farm Credit Servs. of Central Arkansas, 520 U.S. 821, 826 (1997).

Recent cases have acknowledged that the scope of the Tax Injunction Act is limited to "the prevention of a particular evil; namely, using federal courts as a vehicle to bring suits challenging the validity or amount of a particular tax assessed against an individual person or

entity." Luessenhop v. Clinton County, New York, 466 F.3d 259, 266 (2d Cir. 2006) (citing Hibbs v. Winn, 542 U.S. 88 (2004) and Wells v. Malloy, 510 F.2d 74, 77 (1975)).[1]  For example, "third-party suits not seeking to stop collection (or contest the validity) of a tax imposed on plaintiffs" are outside the scope of the Tax Injunction Act.  Hibbs, 542 U.S. at 104.  The Act also does not prohibit taxpayers "from pursuing constitutional challenges to tax benefits in a federal forum," when the plaintiff is not seeking to challenge his "liability for state taxes," but rather challenges matters of "state tax administration."  Id. at 105-06.  Such exceptions do not apply here, as the plaintiffs are clearly challenging "the assessments [and] the amounts owed" in an effort to achieve a refund of past taxes and to lower their future tax bills.  Luessenhop, 466 F.3d at 268.

The plaintiffs contend in their complaint that Vermont has failed to provide them a "plain, speedy and efficient" remedy.  The Supreme Court has determined that the procedures required by the Tax Injunction Act are "minimal."

---

[1]  In Luessenhop, the Second Circuit warned that "dismissing plaintiffs' causes of action because they pertain to state tax administration in the most general sense would be a patent misreading of the [Tax Injunction Act]."  466 F.3d at 265.

Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 512, reh'g denied, 451 U.S. 1011 (1981).  As noted above, the state remedy must include a full hearing and judicial determination, with an opportunity to raise constitutional objections to the tax.  Barringer v. Griffes, 964 F.2d 1278, 1280 (2d Cir. 1992).  A taxpayer's failure to take advantage of available state procedures does not mean that the state remedy is insufficient.  Finzie v. City of Bridgeport, 880 F. Supp. 89, 94 (D. Conn. 1995) (citing Burris v. City of Little Rock, 941 F.2d 717, 721 n.4 (8th Cir. 1991)).

Here, the plaintiffs may bring, and indeed have brought, their challenges in state court.  There is no dispute that they have been provided hearings, judicial determinations, and opportunities to appeal to the United States Supreme Court.  Furthermore, the Vermont state courts are clearly allowed to consider constitutional questions in the context of a tax appeal.  See, e.g., 32 V.S.A. § 4467; Hoffer v. Ancel, 176 Vt. 630 (Vt. 2004) (entertaining taxpayer's Section 1983 action to recover for violations of due process and equal protection in connection with assessments and notices concerning repayment of prebate for educational property taxes); see also Murray v. McDonald,

988 F. Supp. 420 (D. Vt. 1997), aff'd 157 F.3d 147 (2d Cir. 1998) (holding that the state provided a plain, speedy, and efficient remedy for taxpayers' constitutional claims under Section 1983).

The plaintiffs argue that although they raised constitutional questions, the lower state court declined to address those issues, basing its decision instead on what the complaint describes as "the problematic and tainted equalization study to set the Plaintiffs' new assessments." (Paper 1 at 43). Whether the Vermont Supreme Court would have addressed the constitutional questions is uncertain, since the plaintiffs have not yet allowed that court to speak. In any event, it is plain that Vermont allows tax appellants to pursue constitutional claims in the course of their appeals, and that the appeal procedure satisfies the Tax Injunction Act's "minimal" requirements. Consequently, this Court has no jurisdiction over the plaintiffs' requests for injunctive or declaratory relief.

III.  Comity

The defendants have also moved to dismiss the plaintiffs' claims for damages. In Long Island Lighting Co. v. Brookhaven, 889 F.2d 428, 431 (2d Cir. 1989) ("LILCO"),

the Second Circuit held that federal courts have no jurisdiction over challenges to state tax assessments, regardless of the relief sought.

> While it is the Tax Injunction Act that prevents federal courts from giving injunctive relief or declaratory relief, as long as there is a plain, speedy and efficient remedy in state court, it is the principle of comity that prevents a taxpayer from seeking damages in a § 1983 action if a plain, adequate, and complete remedy may be had in state court.

LILCO, 889 F.2d at 431 (citing Rosewell, 450 U.S. 503; Grace Brethren Church, 457 U.S. at 408-11; Fair Assessment, 454 U.S. at 116 (1981)).

Citing LILCO, the Second Circuit has also barred damages claims in suits attacking the validity of local assessment practices. Bernard v. Village of Spring Valley, New York, 30 F.3d 294, 296 (2d Cir. 1994). In Bernard, the plaintiff sued the Village of Spring Valley, New York, its mayor and its assessor, claiming that "the defendants' assessment method and taxation . . . constituted a condemnation and a taking of his property without just compensation in violation of the fifth and fourteenth amendments." Id. at 296. In affirming dismissal of the claim, the court found that

> what Bernard now seeks is a federal-court ruling

13

> on the constitutionality of [an] illegal act plus damages for the resulting harm. Such a determination would inject the district court into local tax-assessment matters, which is precisely what Fair Assessment and LILCO held was excluded from federal jurisdiction. If these issues must be determined, it must be in state, not federal, court.

Id. at 298.

Here, the plaintiffs are challenging both local and statewide practices. As discussed above, the state courts provide them with adequate remedies for both their state and federal claims. The Court therefore finds that all claims, including the plaintiffs' claims for damages, are barred by the Tax Injunction Act and principles of comity. The motions to dismiss are GRANTED, and to the extent that this case contains claims that are distinct from the removal action, those claims are DISMISSED.[2]

## Conclusion

For the reasons set forth above, the defendants' motions for remand and/or dismissal (Papers 21, 28, 30, 31

---

[2] Defendants Kermit Blaisdell and Vermont Appraisal Company also argue that they are not proper parties. They contend that the plaintiffs' only remedy in a tax appeal is the determination of the fair market value of the property, and that the Town is the only proper defendant. Defendant O'Brien poses a similar argument, asserting that he cannot be named in a removal action when he was not a party in state court. Because this case is being dismissed on other grounds, the Court does not reach these arguments.

and 32) are GRANTED.  This case is REMANDED to the Vermont Supreme Court, and to the extent that the complaint also includes claims that were distinct from those raised in state court, those claims are DISMISSED.

    Dated at Burlington, in the District of Vermont, this 15th day of July, 2008.

                                            /s/ William K. Sessions III
                                            William K. Sessions III
                                            Chief Judge, U.S. District Court